# McMAHON *a.* ALLEN.

*Supreme Court, First District; Chambers, December,* 1864.

## COMMISSION TO TAKE TESTIMONY.[*]

A commission will be issued to commissioners, to take, on interrogatories to be annexed to the commission, the testimony of such witnesses as the plaintiff may produce before them under the commission, to prove a distinct fact named, even though the names of such witnesses be not inserted in the commission at the time of its issue.   But this is allowed only in special cases.

---

[*] In the case of MYGATT *a.* GARRISON, in the *Supreme Court, Broome County, March* 30, 1863, before Hon. H. S. Griswold, county judge, it was *held* : 1. That an affidavit of merits offered, on a motion will, not be excluded because it is of the same date as a copy which had been served to prevent an inquest; for the court will not presume without proof, that it is an attempt to use the same affidavit twice ; 2. That an affidavit to move for a commission to take testimony must state that the moving party had stated to his counsel what he expected to prove by the witnesses named.

This suit was a branch of the well known Mariposa controversy, involving the title to the estate formerly owned by Gen. Fremont.

*John A. Collier,* now moved, on behalf of the defendant, for a commission to examine certain witnesses in California, and for a stay of proceedings until its return.

In support of the motion, he read an affidavit dated· on the 15th of March, and a separate affidavit of merits dated the 10th, both served on the 19th.

*Thos. G. Shearman,* for the plaintiffs, objected to the reception of the latter affidavit, on proof that a precise copy thereof had been served on the plaintiffs, bearing the same date, on the 15th of March, for the purpose of preventing an inquest.   He cited Cutler *a.* Biggs (2 *Hill,* 409) ; Colegate *a.* Marsh (2 *How. Pr.,* 137) ; Popham *a.* Baker (1 *Ib.,* 166), as showing that such affidavit could not be twice used.

*Mr. Collier* showed that the affidavit of merits was an original one, and insisted that it must be presumed that the one used to prevent an inquest had been filed.

Plaintiffs' counsel urged that there was no evidence of such filing, and that in

McMahon *a.* Allen.

*D. McMahon,* on behalf of the plaintiff, moved for a commission to issue to Denver City, Colorado territory, and to Fort Smith, Arkansas, to take the testimony of three witnesses named. The counsel desired to have a provision in the order, that the plaintiff should have liberty to produce and examine before the commissioners any other witnesses, though not named in the commission; such examination to be on interrogatories to be annexed to and sent with the commission. He relied on Shaffer *a.* Wilcox (2 *Hall,* 502), which tended to show that such leave should be granted in special cases.

The special circumstances which he claimed to exist, were the inability to make exact proof of the death of one S. C. Harrison, who had been killed on the plains by the Indians. It could only be proven by circumstances, the knowledge of which existed in the breasts of many individuals, whom he could not now name, but who could be readily found in Denver City, if the requisite authority was given to the commissioners to examine such persons.

*Albert Mathews,* opposed the insertion of such a provision as to witnesses not named, and relied on Wright *a.* Jessup (3 *Duer,* 642).

BARNARD, J., at first doubted his power to issue the commission as prayed for, but after examining the two cases cited

---

any case, an affidavit made nine days before notice, and without any reference to the motion, could not be received.

GRISWOLD, J., held that all presumptions must be against a technical objection, and admitted the affidavit.

*Mr. Collier* then opened the motion on the merits.

The plaintiffs' counsel, in opposition, pointed out that the affidavits did not aver that the defendant had stated to his counsel the facts which he expected to prove by the witnesses named. He cited Seymour *a.* Strong (19 *Wend.,* 98); Lansing *a.* Mickles (1 *How. Pr.,* 248).

The judge held the objection fatal to the application, and denied the motion with $10 costs, without prejudice to a new motion.

*B. F. Dunning* and *John A. Collier,* for the motion.

*Dudley Field, D. S. Dickinson,* and *T. G. Shearman,* opposed.

by the counsel, granted the motion, making an order, which, after reciting the commissions to be issued, and the names of the witnesses, contained this provision, " with the privilege to the plaintiff to examine any other witness not named in said commission whom she may produce on her behalf, in either of said" places, before the commissioners named therein, to prove any fact or facts tending to establish the death of S. C. H., formerly of Santa Fé, N. M., afterwards of Denver City. All of said witnesses named, and all of those who may be produced under said commission, to be examined under and in pursuance of interrogatories direct and cross, which are to be annexed to and accompany said several commissions, and are to be settled on the usual notice."